CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 27 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RACHEL LEE JUSTICE, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 7:05-CV-00523 |
| ) | |
| JO ANNE BARNHART, ) | By: Hon. Michael F. Urbanski |
| Commissioner of Social Security ) | United States Magistrate Judge |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on the Commissioner of Social Security's motion to remand this case pursuant to sentence four of 42 U.S.C. § 405(g). The court previously entered an Order granting the Commissioner's motion to remand on January 19, 2006. However, on January 20, 2006, the court vacated its previous Order and reinstated defendant's motion, giving the plaintiff an opportunity to object to the remand, and the parties an opportunity to brief the issue.

As the Commissioner has determined further evaluation of plaintiff's claim is warranted, defendant seeks remand pursuant to § 405(g). Specifically, defendant states that upon remand, she will reevaluate whether plaintiff meets Listing 12.05C and obtain as necessary additional evidence to determine the severity of plaintiff's intellectual deficit. In addition, defendant will address all assessed limitations and determine whether those limitations affect plaintiff's residual functional capacity.

Plaintiff, however, opposes defendant's motion to remand. Plaintiff asserts that the evidence contained in the record is sufficient enough to establish that plaintiff meets Listing

1

12.05C. As such, plaintiff asks the court to reverse the Commissioner's decision and grant plaintiff's motion for summary judgment, awarding benefits to the plaintiff.

The court is charged with reviewing the Commissioner's decision to determine whether there is substantial evidence to support the Commissioner's conclusion that plaintiff failed to meet the conditions for entitlement established by and pursuant to the Act. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). However, before a reviewing court can determine whether substantial evidence supports an administrative determination, the court must first ascertain whether the agency has discharged its duty to consider all relevant evidence. Sterling Smokeless Coal Company v. Akers, 131 F.3d 438, 439 (4th Cir. 1997). In this case, the Commissioner seeks remand for the opportunity to consider additional relevant evidence in its determination of disability.

For these reasons, defendant's motion for remand is **GRANTED**, and this case is remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative action consistent with defendant's motion.

It is so **ORDERED**. The Clerk is directed to send a copy of this Order to counsel of record.

    **ENTER:** This 27 day of February, 2006.

Michael F. Urbanski
United States Magistrate Judge